IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 6:15-CR-65 Judge Schneider/Love |
| ROBERT HAHN | § | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### INTRODUCTION

### THE SCHEME

Beginning on or about January 1, 2007, to on or about February 4, 2015, in the Eastern District of Texas, **Robert Hahn**, defendant, did devise a scheme and artifice to defraud and for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

### OBJECT OF THE SCHEME

1. The primary objective of the scheme was to obtain funds from individuals under false pretenses and maintain those funds for personal use.

2. It was part of the scheme that **Robert Hahn**, defendant, would and did:

   a. falsely represent to individuals, hereinafter referred to as "investors," that he represented a group of doctors, in Tyler, Texas, who were raising capital for debt retirement, construction of, or improvements to, health care facilities, and/or medical equipment purchases;

b. falsely represent to said investors that this group doctors would pay an annual interest rate of 20% on said loans or investments;

c. collect funds from said investors, in the form of checks, for the aforementioned loans or investments, and then deposit said checks into his insurance business and/or personal checking accounts;

d. make "interest" payments, in cash, to said investors, representing a 20% return said loans or investments, utilizing funds derived from other investors;

e. upon request, return principle loan or investment funds to said investors in the form of a check made payable to said investors, drawn on his insurance or personal checking accounts, utilizing funds derived from other investors.

## Count One

Violation: 18 U.S.C. § 1343
(Wire Fraud)

On or about February 11, 2014 in the Tyler Division of the Eastern District of Texas, **Robert Hahn**, defendant, having devised the aforesaid scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire, in interstate commerce, writings, signs, and signals, for the purpose of executing the aforesaid scheme and artifice, to-wit: a personal check bearing number 2591, drawn on an account at Citizens State Bank, in Chandler, Texas, in the amount of $7,000.00 made payable to the

defendant, and deposited into the defendant's business account at Southside Bank in Tyler Texas, in violation of Title 18 U.S.C. § 1343.

### Count Two

>Violation: 18 U.S.C. § 1957
>(Transaction with Criminally Derived Property)

On or about June 25, 2013 in Smith County, Texas, in the Eastern District of Texas, **Robert Hahn**, defendant herein, did knowingly engage and attempt to engage in a monetary transaction through a financial institution, affecting interstate commerce in criminally derived property of a value greater than $10,000, that is, a transfer of funds in the amount of $11,304.85 from the account of **Robert Hahn**, account number 800002065, at Austin Bank, N.A., to a personal loan of **Robert Hahn**, account number 80025246, at Austin Bank, N.A., via check, # 1032, made payable to Austin Bank, such property having been derived from a specified unlawful activity, that is, Wire Fraud, in violation of Title 18 U.S.C. § 1343, all in violation of 18 U.S.C. § 1957.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
#### Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461

As a result of committing the offenses as alleged in this indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation(s).

If any property subject to forfeiture, as a result of any act or omission by the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant up to the value of the forfeitable property.

JOHN M. BALES
UNITED STATES ATTORNEY

_____        __11/19/2015_____
JIM NOBLE                                                        Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 6:15-CR-65 |
| | § | Judge Schneider/Love |
| ROBERT HAHN | § | |

## NOTICE OF PENALTY

### Count One

| | |
|---|---|
| Violation: | 18 U.S.C. § 1343 |
| Penalty: | Imprisonment for not more than twenty (20) years; a fine of not more than $250,000; a term of supervised release of not more than five (5) years. |
| Special Assessment: | $100.00 |

### Count Two

| | |
|---|---|
| Violation: | 18 U.S.C. § 1957 |
| Penalty: | Imprisonment for not more than ten (10) years; a fine of not more than $250,000; a term of supervised release of not more than three (3) years. |
| Special Assessment: | $100.00 |