IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | No. 6:15cr 65 |
| v. | § § | Judge Schneider/Mitchell |
| ROBERT HAHN | § § | |

# PLEA AGREEMENT

The defendant, **Robert Hahn**, the defendant's attorney, **Kelly Pace,** and the United States Attorney for the Eastern District of Texas agree to the following, pursuant to **Fed. R. Crim. P. 11(c)(1)(C)** :

1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; and

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to both Counts, One and Two, of an information, which charges violations of 18 U.S.C. § 1343, Wire Fraud, and 18 U.S.C. § 1957, Transaction with Criminally Derived Property, respectively. The defendant understands the nature and elements of the crime to which guilt is admitted and

agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE:** The maximum penalties the Court can impose on Count One include:

    a. imprisonment for a period not to exceed twenty (20) years;

    b. a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of not more than five (5) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

    d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk;

    e. forfeiture of property involved in or traceable to the criminal offense;

    f. restitution to victims or to the community; and

    g. costs of incarceration and supervision.

4. **SENTENCE**: The maximum penalties the Court can impose on Count Two include:

    h. imprisonment for a period not to exceed ten (10) years;

    i. a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

    j. a term of supervised release of not more than three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

    k. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk;

    l. forfeiture of property involved in or traceable to the criminal offense;

    m. restitution to victims or to the community; and

    n. costs of incarceration and supervision.

5. **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C)**: The parties agree that the appropriate sentence would be within the range of thirty to thirty-six (30-36) months' imprisonment. The parties have not stipulated as to what other punishment the court may impose.

The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, the defendant will be given the opportunity to withdraw from the plea.

6. **RESTITUTION**: The defendant understands that a total amount of $1,757,280.00 in restitution will be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f). Restitution shall include the following:

a. $2,500.00 to Don L. and Martha R. Adams;
b. $20,000.00 to Wanda Barton;
c. $68,000.00 to Brenda Blankenship;
d. $34,000.00 to Jim and Colleen Borgenson;
e. $27,900.00 to Kenneth Bradford;
f. $69,000.00 to Forest Joe Burroughs;
g. $28,500.00 to Michael and Lu A. Carroll;
h. $5,000.00 to Joe Conifitti;
i. $9,000.00 to Rodney P. Cramer;
j. $30,000.00 to Scott Davenport;
k. $12,000.00 to Brent DeDear;
l. $5,000.00 to Scott Devinney;
m. $8,000.00 to Margaret DeVore;
n. $5,000.00 to Stacy L. Edmonson;
o. $15,800.00 to George E. and Pamela Z. Elam;
p. $17,400.00 to Kathy Emmons;
q. $8,000.00 to Tucker Farris;
r. $56,800.00 to Mr. and Mrs. C.M. "Mike" Garrett;
s. $100,500.00 to Robert and Kimberly Green;
t. $107,080.00 to T.J. Griffith;
u. $2,000.00 to Lonny M. and Alma S. Hagan;
v. $25,000.00 to James H. and DeLana Hailey;
w. $58,000.00 to Gregory and Delores Scott Hendrickson;
x. $160,000.00 to Earl Hicks;
y. $5,200.00 to Mark Huddleston;

z. $13,000.00 to Keith and Tasha Jackson;
aa. $1,300.00 to Jena Judd;
bb. $27,000.00 to William Leish;
cc. $96,000.00 to Michael Lewis/MIKE-LCO, INC.;
dd. $22,000.00 to Jim and Janice Lowden;
ee. $20,000.00 to John Lowden;
ff. $17,000.00 to Shad and Casey Mabry,
gg. $8,000.00 to David McCall;
hh. $1,600.00 to Rebecca McCarty;
ii. $10,000.00 to Steve and Pam McClendon;
jj. $2,600.00 to Bruce McDow;
kk. $7,000.00 to Bert and Karen McJimsey;
ll. $3,500.00 to Mason L. McJimsey;
mm. $11,000.00 to Steven Norton;
nn. $20,000.00 to Donald and Letha Renfro;
oo. $50,000.00 to Kenneth and Beek Rollins;
pp. $8,000.00 to Tommy Romero/T.J. Romero, Inc.;
qq. $10,000.00 to Paul J. and May H. Rumrill;
rr. $3,600.00 to Alan H. Shumate;
ss. $3,000.00 to William E. Simpson;
tt. $28,000.00 to Austin W. and Emily S. Smith;
uu. $76,800.00 to Rodney Smith/Brutlag, Inc./International Celebrity House, Inc.;
vv. $28,200.00 to Gerald and Venna Davis;
ww. $18,500.00 to Gaye Tatum;
xx. $7,000.00 to Austin A. Taylor;
yy. $11,000.00 to the Donna Thornton Trust;
zz. $50,000.00 to Tiger Creek Wildlife Refuge;
aaa. $43,500.00 to Pete and Gloria Tjoelker;
bbb. $50,000.00 to Bruce and Jennifer Unruh;
ccc. $20,000.00 to Jeffery L. Vey;
ddd. $24,000.00 to Jo Ellan Walley;
eee. $58,200.00 to Don L., Helen K., and Karen D. Wells;
fff. $10,000.00 to Jeremy Wheat;
ggg. $9,000.00 to James Wilson;
hhh. $24,000.00 to Renee M. Yaeger;
iii. $30,200.00 to Debra Zimmerman; and
jjj. $3,000.00 to Sara Zimmerman.

The defendant has assigned the proceeds from the sale of his residence at 3922 Charleston Park, Tyler, Texas; to – wit: $114,246.21; the proceeds from the sale of his business, "Robert B. Hahn Insurance", to – wit: $100,000.00; the proceeds from the sale of some gold coins and/or ingots; to-wit: $3,975.00; and 20% of his gross income, from April 16, 2015 through the date of sentencing, to the U.S. District Clerk to be disbursed to the above-listed victims on a pro-rata basis. In addition, the defendant owns 80,500 shares of Intelemedia common stock. The defendant has agreed to assign the proceeds from the sale of said stock to the U.S. District Clerk to be disbursed to the above-listed victims on a pro-rata basis.

7. **FORFEITURE**: The defendant agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title, and interest to the following property which is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1(c), 982(a)(1), and 28 U.S.C. § 2461(c) :

> All proceeds derived from the fraud scheme to include any and all sums recovered from fraud scheme investors who received payments from the defendant which, in total, exceeded the amount they invested.

The defendant agrees that the above described property is subject to forfeiture to the government pursuant to the aforementioned statute. The defendant agrees to fully assist the government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, and take whatever steps are necessary to

ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above described property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any claim or defense under the Eighth Amendment to the Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture. The defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant and defendant's attorney also understand that the government may file motions for preliminary and final orders of forfeiture regarding the property described herein. The defendant and defendant's attorney agree that the government may file these motions unopposed and may state in the certificates of conference for these motions that the defendant has no objection to the relief sought without having to further contact the defendant or defendant's attorney.

8. **GOVERNMENT'S AGREEMENT:** The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

9. **VIOLATION OF AGREEMENT:** The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

10. **VOLUNTARY PLEA:** This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

11. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

12. **WAIVER OF RIGHT TO RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

13. **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

14. **LIMITATIONS ON THIS AGREEMENT**: This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

15. **ENTIRETY OF AGREEMENT**: <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.</u> The defendant, the defendant's attorney, and the government acknowledge

that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

Dated: 11/19/2015

JIM NOBLE
Assistant United States Attorney

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 10/30/15

ROBERT HAHN
Defendant

I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 10/30/15

R. KELLY PACE
Attorney for Defendant