# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | JUDGMENT IN A CRIMINAL CASE |
| | § | |
| v. | § | |
| | § | Case Number: **6:15-CR-00065-MHS-JDL(1)** |
| **ROBERT HAHN** | § | USM Number: **24005-078** |
| | § | **Robert Kelly Pace** |
| | § | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☒ pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court.          **1 and 2 of the Information**

☐ pleaded nolo contendere to count(s) which was accepted by the court

☐ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:1343.F Wire Fraud | 02/11/2014 | 1 |
| 18:1957-5800.F Transaction With Criminally Derived Property | 02/11/2014 | 2 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)   ☐ is   ☐ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**April 19, 2016**
Date of Imposition of Judgment

*/s/ Michael Schneider*
Signature of Judge

**MICHAEL H. SCHNEIDER**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**4/22/16**
Date

DEFENDANT:        ROBERT HAHN
CASE NUMBER:      6:15-CR-00065-MHS-JDL(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**36 MONTHS.** The term consists of 36 months on each of Counts 1 and 2 of the Information, with all such terms running concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:
    The Defendant participate in the Inmate Financial Responsibility Program, if eligible.
    The Defendant be designated to FCI Seagoville, if eligible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at     ☐ a.m.     ☐ p.m.   on

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ **before 2 p.m. on JUNE 24, 2016**
    ☒ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to

at _____ , with a certified copy of this judgment.

                                                           UNITED STATES MARSHAL

                                                           By
                                           DEPUTY UNITED STATES MARSHAL

DEFENDANT:          ROBERT HAHN
CASE NUMBER:        6:15-CR-00065-MHS-JDL(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **THREE (3) YEARS.  This is three (3) years each as to Counts 1 and 2 to run concurrently.**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:         ROBERT HAHN
CASE NUMBER:       6:15-CR-00065-MHS-JDL(1)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay any financial penalty that is imposed by the judgment.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's financial activities.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

DEFENDANT: ROBERT HAHN
CASE NUMBER: 6:15-CR-00065-MHS-JDL(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|----------|-----------------|
| **TOTALS** | $200.00 | $.00 | $1,705,680.00 |

☐ The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**Restitution of $1,705,680.00 to:**

| | | |
|---|---|---|
| Alan H. Shumate $3,600.00 | Donna Thornton Trust $11,000.00 | Jim and Janice Lowden $22,000.00 |
| Austin and Emily Smith $28,000.00 | Earl Hicks $160,000.00 | Jo Walley $24,000.00 |
| Austin Taylor $7,000.00 | Forest Joe Burroughs $69,000.00 | Joe Conifitti $5,000.00 |
| Bert and Karen McJimsey $7,000.00 | Gaye Tatum $18,500.00 | John Lowden $20,000.00 |
| Brenda Blankenship $68,000.00 | George and Pamela Elam $15,800.00 | Kathy Emmons $17,400.00 |
| Brent DeDear $12,000.00 | Gerald and Venna Stubbs $28,200.00 | Keith and Tasha Jackson $13,000.00 |
| Bruce and Jennifer Unruh $50,000.00 | Gregory and Delores Hendrickson $58,000.00 | Kenneth and Beek Rollins $50,000.00 |
| Bruce McDow $2,600.00 | James and DeLana Hailey $25,000.00 | Kenneth Bradford $27,900.00 |
| David McCall $8,000.00 | James Wilson $9,000.00 | Lonny and Alma Hagan $2,000.00 |
| Debra Zimmerman $30,200.00 | Jeffery Vey $20,000.00 | Margaret DeVore $8,000.00 |
| Don and Martha Adams $2,500.00 | Jena Judd $1,300.00 | Mark Huddleston $5,200.00 |
| Don, Hellen, and Karen Wells $58,200.00 | Jeremy Wheat $10,000.00 | Mason McJimsey $3,500.00 |
| Donal and Letha Renfro $20,000.00 | Jim and Colleen Borgenson $34,000.00 | Michael and Lu Carroll $28,500.00 |

DEFENDANT:        ROBERT HAHN
CASE NUMBER:      6:15-CR-00065-MHS-JDL(1)

| | | |
|---|---|---|
| Michael Lewis $96,000.00 | Rodney Smith $76,800.00 | T.J. Griffith $107,080.00 |
| Mr. and Mrs. C.M. Garrett $56,800.00 | Sara Zimmerman $3,000.00 | Tiger Creek Wildlife Refuge/Brian Werner $50,000.00 |
| Paul and Mary Rumrill $10,000.00 | Scott Davenport $30,000.00 | Tommy Romero $8,000.00 |
| Pete and Gloria Tjoelker $43,500.00 | Scott Devinney $5,000.00 | Tucker Farris $8,000.00 |
| Rebecca McCarty $1,600.00 | Shad and Casey Mabry $17,000.00 | Wanda Barton $20,000.00 |
| Renee Yaeger $24,000.00 | Stacy Edmonson $5,000.00 | William E. Simpson $3,000.00 |
| Robert and Kimberly Green $100,500.00 | Steve and Pam McClendon $10,000.00 | William Leish $27,000.00 |
| Rodney P. Cramer $9,000.00 | Steven Norton $11,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:          ROBERT HAHN
CASE NUMBER:        6:15-CR-00065-MHS-JDL(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payments of $ $200.00 due immediately, balance due

   ☐  not later than                             , or

   ☒  in accordance   ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal   *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
   **It is ordered that the Defendant shall pay to the United States a special assessment of $200.00 which shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court. Any restitution amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). If the defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution still owed.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: U.S. District Court. Fine & Restitution. 1910 E SE Loop 323 No 287. Tyler, TX 75701

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
   See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

   ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
   SEE NEXT PAGE:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: ROBERT HAHN
CASE NUMBER: 6:15-CR-00065-MHS-JDL(1)

# ADDITIONAL FORFEITED PROPERTY

**All proceeds derived from the fraud scheme to include any and all sums recovered from fraud scheme investors who received payments from the defendant which, in total, exceeded the amount they invested, and received to date, as follows:**

(1) Cashier's check number 548931 in the amount of $12,420.00, made ayable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Amy Moreland;
(2) Cashier's check number 548930 in the amount of $7,220.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Mary Moreland;
(3) Cashier's check number 080971 in the amount of $778.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Patsy Green;
(4) Cashier's check number 033363 in the amount of $220.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Mark and Jodi Miller;
(5) Cashier's check number 131242 in the amount of $9,662.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Linda Skinner;
(6) Cashier's check number 9485305865 in the amount of $1,710.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Ann A. Fox;
(7) Cashier's check number 4094 in the amount of $3,049.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Brian L. Cox;
(8) Cashier's check number 21261091588 in the amount of $84.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Madge Johansson;
(9) Cashier's check number 2574326 in the amount of $855.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Christopher Griffin;
(10) Cashier's check number 1080183 in the amount of $4,275.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by David Exum;
(11) Cashier's check number 1211307 in the amount of $13,246.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Steve Holden;
(12) Cashier's check number 9159317041 in the amount of $1,500.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Justin K. Hopper;
(13) Cashier's check number 1080522 in the amount of $4,420.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by James D. Hairston, Jr.;
(14) Cashier's check number 1157211 in the amount of $840.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Tucker Farris;
(15) Cashier's check number 291 in the amount of $18,420.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Brenda K. Griffin;
(16) Cashier's check number 0890303549 in the amount of $1,000.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Sarah A. Stansell;
(17) Cashier's check number 9501810843 in the amount of $11,405.00, made payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Pamela Graham;
(18) Cashier's check number 533618 in the amount of $12,623.00, made Payable to the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by Kim and Kyle Hopper; and
(19) Cashier's check number 012952 in the amount of $9,961.50, made payable To the United States Marshals Service, voluntarily turned over to the Federal Bureau of Investigation by David P. Robinson.